IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LESLIE MOCK,  §<br>　　　　*Plaintiff*, §<br>　　　　　　　　§<br>v.　　　　　　　§<br>　　　　　　　　§<br>CARDWORKS SERVICING, LLC AND §<br>CARSON SMITHFIELD, LLC,　§<br>　　　　*Defendants*.　§ | CIVIL ACTION NO. 1:12-cv-747 |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendants CardWorks Servicing, LLC, and Carson Smithfield, LLC, (collectively, "Defendants"), hereby remove this action from the 274th Judicial District Court of Hays County, Texas, to the United States District Court for the Western District of Texas, Austin Division, stating the following as grounds for removal of this action:[1]

### I. STATE COURT ACTION

1.　On June 29, 2012, Plaintiff Leslie Mock ("Plaintiff") filed Plaintiff's Original Petition (hereinafter, "Complaint") in the 274th Judicial District Court of Hays County, Texas, styled *Leslie Mock v. CardWorks Servicing, LLC and Carson Smithfield, LLC*, Cause No. 12-1274 (the "State Court Action").

2.　Plaintiff asserts that Defendants made telephone calls to Plaintiff's cellular telephone without her authorization from October 2011 to June 2012. (Compl. ¶¶ 12-21.) In connection with her allegations, Plaintiff asserts a cause of action for violations of the Telephone

---

[1] Plaintiff's claims are subject to an arbitration agreement. This removal is not intended to waive Defendants' right to compel arbitration.

**NOTICE OF REMOVAL**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Page 1**

Consumer Protection Act.  (*Id.* at ¶¶ 25-39.)  Plaintiff seeks statutory damages, exemplary damages, and attorney's fees.  (*Id.* at Prayer.)

3. With this Notice of Removal, Defendants remove the State Court Action to this Court on the basis of federal question jurisdiction, as more fully described below.

## II.  PROCEDURAL REQUIREMENTS

4. This action is properly removed to this Court, as the State Court Action is pending within this district and division.  28 U.S.C. §§ 1441, 1446(a).

5. Defendants were served on July 17, 2012.  Thus, this Notice of Removal is timely.  *See* 28 U.S.C. § 1446(b)(2)(B).

6. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a true and correct copy of the entire file of record with the Court in the State Court Action, including all process, pleadings, and orders served upon Defendants in this action.

7. Pursuant to 28 U.S.C. § 1446(d), Defendants are also simultaneously filing a copy of this Notice of Removal in the 274th Judicial District Court of Hays County, Texas.

## III.  FEDERAL QUESTION JURISDICTION

8. A defendant may remove a case to federal court if the plaintiff could have originally filed suit in federal court.  28 U.S.C. § 1441(a).  The district courts of the United States "have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A claim "arises under" the laws of the United States when: (1) the well-pleaded complaint establishes that federal law creates the cause of action; or (2) "'a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'"  *Singh v. Duane Morris LLP*,

538 F.3d 334, 338 (5th Cir. 2008) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

9. This case is removable pursuant to 28 U.S.C. § 1331 because the Complaint establishes (1) federal law—the Telephone Consumer Protection Act ("TCPA")—created the cause of action, and (2) Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *See Empire Healthchoice Assurance Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006). Plaintiff alleges that Defendants violated TCPA § 227(b)(1)(A)(iii) by placing automated calls to Plaintiff without Plaintiff's consent. (Compl. at ¶¶ 25-39.) "Because federal law creates the right of action and provides the rules of decision, [Plaintiff's] TCPA claim, in 28 U.S.C. § 1331's words, plainly 'aris[es] under' the 'laws . . . of the United States.'" *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 748, 753 (2012) (holding that federal courts "have § 1331 jurisdiction over [TCPA claims] . . . [b]ecause federal law gives rise to the claim for relief"). Moreover, "the presence of even one claim 'arising under' federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 386 (1998). Thus, this action is removable pursuant to 28 U.S.C. §§ 1441 and 1331.

## IV.  PRAYER

WHEREFORE, Defendants CardWorks Servicing, LLC, and Carson Smithfield, LLC, removes this action from the 274th Judicial District Court of Hays County, Texas, to the United States District Court for the Western District of Texas, Austin Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

LOCKE LORD LLP

/s/ B. David L. Foster by permission M.H.D.
B. David L. Foster
State Bar No. 24031555
100 Congress Avenue, Suite 300
Austin, Texas 78701
512-305-4700 (Telephone)
512-305-4800 (Facsimile)

Thomas G. Yoxall
State Bar No. 00785304
Matthew H. Davis
State Bar No. 24069580
2200 Ross Avenue, Suite 2200
Dallas, TX 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Facsimile)

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on this the 16th day of August, 2012, on the following counsel of record, via certified mail, return receipt requested:

Amy E. Clark Kleinpeter
Hill Country Consumer Law
12731 Research Boulevard
Building A, Suite 103
Austin, Texas 78759
512-850-5290
626-737-6030 (Facsimile)
*Attorney for Plaintiff*

/s/ B. David L. Foster by permission M.H.D.
Counsel for Defendants