# EXHIBIT A

# CASE SUMMARY
## CASE NO. 12-1274

| | | |
|---|---|---|
| LESLIE MOCK VS. CARDWORKS SERVICING, LLC AND CARSON SMITHFIELD, LLC | § § § § | Location: **274th District Court** <br> Judicial Officer: **Steel, Gary L.** <br> Filed on: **06/29/2012** |

---

### CASE INFORMATION

Case Type: **Other Civil Cases - District**

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **Mock, Leslie** | Kleinpeter, Amy E. Clark <br> *Retained* <br> 512-850-5290(W) |
| **Defendant** | **CardWorks Servicing, LLC** | Forster, B. David L. <br> *Retained* <br> 512-305-4700(W) |
| | **Carson Smithfield, LLC** | Forster, B. David L. <br> *Retained* <br> 512-305-4700(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|

### OTHER EVENTS AND HEARINGS

| | |
|---|---|
| 06/29/2012 | Plaintiff's Original Petition (Open Case) |
| 06/29/2012 | Court's Docket Sheet |
| 06/29/2012 | Correspondence Letters |
| 06/29/2012 | Civil Case Information Sheet (TRCP 78a) <br> *req via efiling* |
| 07/02/2012 | Citation <br> *Cardworks Servicing, LLC* |
| 07/02/2012 | Citation <br> *Carson Smithfield, LLC* |
| 08/03/2012 | Defendant's Original Answer <br> *Defendants' Plea in Abatement and, Subject Thereto, Original Answer* |

# CIVIL DOCKET

|||||||||||||
100700012819487

**12 – 1274**
Filed: 06/29/2012

| Other Civil Cases — Dist | 274th District Court |
| --- | --- |
| LESLIE MOCK VS. CARDWORKS SERVICING, LLC AND CARSON SMITHFIELD, LLC | |

| Plaintiff | Lead Attorney |
| --- | --- |
| Mock, Leslie | Kleinpeter, Amy E. Cl |

| Defendant | Lead Attorney |
| --- | --- |
| CardWorks Servicing, Carson Smithfield, LL | |

## ORDERS OF THE COURT

| DATE | |
| --- | --- |
| | |

FILED
12 June 29 P5:19
Beverly Crumley
District Clerk
Hays District

No. 12-1274

| | | |
|---|---|---|
| Leslie Mock | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| v. | § | 274th JUDICIAL DISTRICT |
| | § | |
| CardWorks Servicing, LLC and | § | |
| | § | |
| Carson Smithfield, LLC | § | |
| | § | HAYS COUNTY, TEXAS |
| Defendants | § | |

Plaintiff Leslie Mock ("Ms. Mock") brings suit against Defendants CardWorks Servicing, LLC and Carson Smithfield, LLC for violations of the Telephone Consumer Protection Act ("TCPA").

## 1. PRELIMINARY MATTERS

1.  Plaintiffs intend to conduct discovery under Level 2 of Rule 190.3 of the Texas Rules of Civil Procedure.

2.  Venue is proper is Hays County, Texas because all or a substantial part of the events or omissions occurred in Hays County. *See* Tex. Civ. Prac. & Rem. Code §15.002(a)(1).

3.  Plaintiff Leslie Mock is an individual located at 510 Terrace Canyon Drive, Dripping Springs, Texas 78620.

4.  Defendant CardWorks Servicing, LLC (hereinafter "CardWorks"), is a Limited Liability Corporation from New York, incorporated in Delaware, and doing business throughout the State of Texas. CardWorks can be served at their registered agent, CSC-Lawyers Incorporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

5.  Defendant Carson Smithfield, LLC (hereinafter Carson), is a Limited Liability Corporation from New York (same address as CardWorks), incorporated in Delaware, and doing business throughout the State of Texas. Carson can be served at their registered agent, CSC-Lawyers Incorporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.



## 2.  STATEMENT OF FACTS

6.  Neither CardWorks Servicing, LLC nor Carson Smithfield LLC ever loaned Leslie Mock money.

7.  Ms. Mock never had any type of contract or agreement with CardWorks Servicing, LLC or Carson Smithfield, LLC or any other related entity.

8.  CardWorks and Carson are both debt collectors registered to collect in Texas.

9.  Ms. Mock has not received any written correspondence from CardWorks Servicing, LLC or Carson Smithfield LLC.

10.  In 2008, Ms. Mock attempted to start a small business.  Unfortunately, it was not successful and she had several debts from the business that she could not pay.

11.  Ms. Mock has not provided her cell phone number to any of her creditors.

12.  In or around October 24, 2011, CardWorks and Carson began to use an autodialer to call Ms. Mock's cell phone frequently through the present time.  CardWorks and Carson called from 1-877-487-5583, 1-877-630-5816, and 1-877-394-5975.

13.  Ms. Mock received between zero and three calls a day from October 24, 2011 through the present date.

14.  Between October 24, 2011 and March 19, 2012, CardWorks and Carson called Ms. Mock forty-eight (48) times on her cell phone.

15.  On March 19, 2012, Ms. Mock's attorney, Amy Clark Kleinpeter, wrote to CardWorks and requested they not contact Ms. Mock further but to direct all contact to Ms. Kleinpeter's law office.  Ms. Kleinpeter faxed the request to a fax number provided when she called the Card Works Servicing number.

16.  Immediately after the letter, there was a slight break in the calls, with no calls coming from March 20 through March 25, 2012.

17. However, the calls resumed on March 26, 2012. Between March 26, 2012 and May 19, 2012, CardWorks and Carson called Ms. Mock an additional forty-five times. This was despite having been notified that the number they were calling was a cell phone and Ms. Mock did not give them permission to call it. These forty-five calls were willful and knowing autodialed calls to Ms. Mock's cell phone without permission

18. On May 19, 2012, in another effort to stop the calls to Ms. Mock's cell phone, her attorney faxed another letter to Card Works Servicing.

19. Despite receiving the faxed letter informing them that the calls to Ms. Mock's cell phone were without authorization and a request that they cease, CardWorks and Carson continued to use an autodialer to continue to call Ms. Mock's cell phone.

20. Between May 19, 2012 and June 28, 2012, CardWorks and Carson willingly and knowingly called Ms. Mock's cell another forty (40) times.

21. As this lawsuit was filed, on June 29, 2012, CardWorks and Carson continued willingly and knowingly calling Ms. Mock's cell phone without permission and in violation of the cease and desist notice.

22. At the time of filing, CardWorks and Carson had called Ms. Mock's cell phone, using an autodialer, forty-eight (48) times potentially without knowledge, followed by eighty-five (85) times willingly and with knowledge that they were calling Ms. Mock's cell phone without authorization.

23. Exhibit "A" to this petition is a call log of calls from CardWorks and Carson to Ms. Mock's cell phone as described in this petition.

## CLAIMS BASED ON THE ABOVE FACTS

24. The above referenced statement of facts is incorporated by reference for the following causes of action.

### Cause of Action #1—Violations of the Telephone Consumer Protection Act

25. The facts stated above demonstrate that Defendant violated the Telephone Consumer

Protection Act.

26. Defendants, and each and every one of them, and at all times material and relevant hereto, owned, operated and/or controlled "customer premises equipment" as defined by the TCA, 47 U.S.C. § 153(14), that originated, routed, and/or terminated telecommunications.

27. Defendants, and each and every one of them, and at all times material and relevant hereto, engaged in "interstate communications" as defined by the TCA, 47 U.S.C. § 153(22).

28. Defendants, and each and every one of them, and at all times material and relevant hereto, engaged in "telecommunications" as defined by the TCA, 47 U.S.C. § 153(43).

29. Defendants, and each and every one of them, and at all times material and relevant hereto, used, controlled and/or operated "wire communications" as defined by the TCA, 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

30. Defendants, and each and every one of them, and at all times material and relevant hereto, used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

31. The Defendants, and each and every one of them, and at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and fraudulently violated the TCPA, 47 U.S.C. § 227, et seq. and 47 C.F.R. 64.1200, et seq.

32. The violations of the Defendants, and each and every one of them, and at all times material and relevant hereto, include, but in no manner shall they be limited to, the following:

    a. The Defendants, and each and every one of them, and at all times material and relevant hereto, used automatic telephone dialing systems that had capacity to store or produce telephone numbers using random or sequential number generation and dialed the telephone number associated with the Plaintiff.

    b. Defendant placed automated or prerecorded messages on Plaintiff's cellular telephone voice mail, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

33. The acts and/or omissions of the Defendants, and each and every one of them, and at all times material and relevant hereto, as described in this Civil Action Complaint were done unfairly, unlawfully, intentionally, deceptively and fraudulently with the express and sole purpose of unfairly, unlawfully, intentionally, deceptively and fraudulently coercing Plaintiff to pay the alleged debt despite Plaintiff owing no obligation.

34. The acts and/or omissions of the Defendants, and each and every one of them, and at all times material and relevant hereto, as described in this Civil Action Complaint were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

35. The acts and/or omissions of the Defendants, and each and every one of them, and at all times material and relevant hereto, as described in this Civil Action Complaint were not acted or omitted pursuant to 47 C.F.R. 64.1200(f)(2) (regarding "emergency purposes"), nor 47 C.F.R. 64.1200(f)(3) (regarding "established business relationships").

36. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendants, and each and every one of them, and at all times material and relevant hereto, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiff, disturbed the peace and tranquility of her home.

37. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendants, and each and every one of them, and at all times material and relevant hereto, are liable to the Plaintiff for declaratory judgment that the Defendants' conduct violated the TCPA, and Plaintiff' actual damages, statutory damages, treble damages, and costs and attorney fees.

38. Plaintiff received over 48 telephone calls of an artificial and/or prerecorded nature entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C. § 227(d)(3)(B), from the Defendants, and each and every one of them, in the amount of over $24,000 for known calls (plus $500 for each call not logged by Plaintiff and/or his phone).

39. The Defendants, and each and every one of them, caused an additional 85 more telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling Plaintiff to a maximum of treble damages in the amount of $127,500 for known calls (plus $1500 for each call not logged by Plaintiff and/or her phone) pursuant to the TCPA, 47 U.S.C. § 227(d)(3).

## JURY DEMAND

40.   Plaintiffs make demand for trial by jury and tenders the appropriate fee.

## PRAYER.

For these reasons, Plaintiffs asks they have judgment against Defendants for the following:

  a.   Award Plaintiff $500 in statutory damages for each violation of the TCPA, pursuant to 47 U.S.C. § 227(3)(B);

  b.   Award Plaintiff an amount equal to three times the statutory damages awarded under 47 U.S.C. § 227(3)(B), for Defendant's willful and knowing violations of the TCPA;

  c.   Enter an Order enjoining Defendant from using an "automatic telephone dialing system" to place debt collection calls to consumers' cellular telephones without their express consent or permission;

  d.   Enter an Order enjoining Defendant from placing automated or prerecorded messages on cellular telephone voice mail systems without the express consent or permission of the consumer;

  e.   Prejudgment and post-judgment interest as allowed by law;

  f.   Costs of suit;

  g.   General relief; and

h.    All other relief, in law and in equity, to which Plaintiffs may be entitled.

Respectfully submitted,

Amy E. Clark Kleinpeter
Attorney for Plaintiffs

State of Texas Bar Number: 24043761

Hill Country Consumer Law
12731 Research Blvd.; Bldg A, Suite 103
Austin, TX 78759
Phone: (512) 850-5290
Fax:    (626) 737-6030
amyck1@gmail.com

Mock Petition
Exhibit "A" – Autodialed calls to Lesley Mock's Cell Phone from CardWork Services

| | | | |
|---|---|---|---|
| 1 | 10/24/11 09:10am | Missed | 18774875583 |
| 2 | 10/24/11 11:46am | Missed | 18774875583 |
| 3 | 10/24/11 12:45pm | Missed | 18774875583 |
| 4 | 11/03/11 12:06pm | Missed | 18774875583 |
| 5 | 11/03/11 01:49pm | Missed | 18774875583 |
| 6 | 11/03/11 03:09pm | Missed | 18774875583 |
| 7 | 11/05/11 09:38am | Missed | 18776305816 |
| 8 | 11/05/11 02:25pm | Missed | 18776305816 |
| 9 | 11/15/11 07:09pm | Missed | 18774875583 |
| 10 | 11/21/11 07:04pm | Missed | 18776305816 |
| 11 | 11/23/11 06:05pm | Missed | 18774875583 |
| 12 | 11/26/11 09:00am | Missed | 18774875583 |
| 13 | 11/28/11 10:42am | Missed | 18776305816 |
| 14 | 11/28/11 12:37pm | Missed | 18776305816 |
| 15 | 11/29/11 04:49pm | Missed | 18774875583 |
| 16 | 11/30/11 05:07pm | Missed | 18774875583 |
| 17 | 12/05/11 07:29pm | Missed | 18774875583 |
| 18 | 12/06/11 06:02pm | Missed | 18774875583 |
| 19 | 12/13/11 06:01pm | Missed | 18774875583 |
| 20 | 12/16/11 09:46am | Missed | 18774875583 |
| 21 | 12/20/11 12:41pm | Missed | 18774875583 |
| 22 | 12/23/11 03:55pm | Incoming | 18774875583 |
| 23 | 12/28/11 04:27pm | Missed | 18774875583 |
| 24 | 12/29/11 03:43pm | Missed | 18774875583 |
| 25 | 01/09/12 12:02pm | Missed | 18776305816 |
| 26 | 01/13/12 04:34pm | Missed | 18774875583 |
| 27 | 01/23/12 06:28pm | Missed | 18776305816 |
| 28 | 01/30/12 07:19pm | Missed | 18776305816 |
| 29 | 01/31/12 01:22pm | Missed | 18776305816 |
| 30 | 02/09/12 05:49pm | Missed | 18774875583 |
| 31 | 02/13/12 07:52pm | Missed | 18776305816 |
| 32 | 02/16/12 05:24pm | Missed | 18774875583 |
| 33 | 02/18/12 02:01pm | Missed | 18776305816 |
| 34 | 02/20/12 07:29pm | Missed | 18776305816 |
| 35 | 02/25/12 01:19pm | Missed | 18776305816 |
| 36 | 02/27/12 02:45pm | Missed | 18774875583 |
| 37 | 02/28/12 07:24pm | Missed | 18774875583 |
| 38 | 02/29/12 10:05am | Missed | 18774875583 |
| 39 | 02/29/12 02:35pm | Missed | 18774875583 |
| 40 | 03/01/12 04:20pm | Missed | 18774875583 |
| 41 | 03/03/12 08:57am | Missed | 18776305816 |
| 42 | 03/05/12 07:28pm | Missed | 18774875583 |
| 43 | 03/06/12 09:24am | Missed | 18776305816 |
| 44 | 03/06/12 02:33pm | Missed | 18776305816 |
| 45 | 03/07/12 02:45pm | Missed | 18774875583 |

Mock Petition
Exhibit "A" – Autodialed calls to Lesley Mock's Cell Phone from CardWork Services

| | | | |
|---|---|---|---|
| 46 | 03/15/12 04:32pm | Missed | 18774875583 |
| 47 | 03/17/12 09:52am | Missed | 18776305816 |
| 48 | 03/19/12 01:19pm | Missed | 18776305816 |
| | 03/19/12 | First "Do Not Contact" Letter Faxed to Card Works Servicing | |
| 49 | 03/26/12 12:17pm | Missed | 18776305816 |
| 50 | 03/27/12 02:15pm | Missed | 18776305816 |
| 51 | 03/27/12 06:41pm | Missed | 18776305816 |
| 52 | 03/27/12 09:23am | Missed | 18776305816 |
| 53 | 03/29/12 02:32pm | Missed | 18774875583 |
| 54 | 03/31/12 01:52pm | Missed | 18774875583 |
| 55 | 03/31/12 03:11pm | Missed | 18774875583 |
| 56 | 03/31/12 08:55am | Missed | 18774875583 |
| 57 | 04/02/12 11:51am | Missed | 18776305816 |
| 58 | 04/05/12 02:23pm | Missed | 18773945975 |
| 59 | 04/05/12 05:07pm | Missed | 18773945975 |
| 60 | 04/07/12 01:47pm | Missed | 18773945975 |
| 61 | 04/09/12 04:56pm | Missed | 18773945975 |
| 62 | 04/10/12 06:31pm | Missed | 18773945975 |
| 63 | 04/12/12 05:01pm | Missed | 18773945975 |
| 64 | 04/12/12 12:39pm | Missed | 18773945975 |
| 65 | 04/14/12 11:15am | Missed | 18773945975 |
| 66 | 04/16/12 02:49pm | Missed | 18773945975 |
| 67 | 04/16/12 12:38pm | Missed | 18773945975 |
| 68 | 04/19/12 01:15pm | Missed | 18773945975 |
| 69 | 04/19/12 05:36pm | Missed | 18773945975 |
| 70 | 04/21/12 02:59pm | Missed | 18773945975 |
| 71 | 04/23/12 04:04pm | Missed | 18773945975 |
| 72 | 04/23/12 10:51am | Incoming | 18773945975 |
| 73 | 04/26/12 12:35pm | Missed | 18773945975 |
| 74 | 04/27/12 01:07pm | Missed | 18773945975 |
| 75 | 04/27/12 03:10pm | Missed | 18773945975 |
| 76 | 04/27/12 07:30pm | Missed | 18773945975 |
| 77 | 04/28/12 09:07am | Missed | 18773945975 |
| 78 | 04/30/12 02:52pm | Missed | 18773945975 |
| 79 | 04/30/12 11:44am | Missed | 18773945975 |
| 80 | 05/01/12 04:24pm | Missed | 18773945975 |
| 81 | 05/03/12 01:05pm | Missed | 18773945975 |

Mock Petition
Exhibit "A" -- Autodialed calls to Lesley Mock's Cell Phone from CardWork Services

| 82 | 05/03/12 04:29pm | Missed | 18773945975 |
|---|---|---|---|
| 83 | 05/10/12 03:36pm | Missed | 18773945975 |
| 84 | 05/10/12 12:45pm | Missed | 18773945975 |
| 85 | 05/12/12 02:41pm | Missed | 18773945975 |
| 86 | 05/12/12 08:44am | Missed | 18773945975 |
| 87 | 05/14/12 03:07pm | Missed | 18773945975 |
| 88 | 05/14/12 11:43am | Missed | 18773945975 |
| 89 | 05/17/12 02:19pm | Missed | 18773945975 |
| 90 | 05/17/12 05:04pm | Missed | 18773945975 |
| 91 | 05/17/12 12:47pm | Missed | 18773945975 |
| 92 | 05/19/12 02:12pm | Missed | 18773945975 |
| 93 | 05/19/12 03:23pm | Missed | 18773945975 |
| | | | |
| | 05/19/2012 | Second "Do Not Contact" Letter Faxed to Card Works Servicing | |
| | | | |
| 94 | 05/21/12 01:55pm | Missed | 18773945975 |
| 95 | 05/21/12 04:45pm | Missed | 18773945975 |
| 96 | 05/21/12 08:37am | Missed | 18773945975 |
| 97 | 05/24/12 02:13pm | Missed | 18773945975 |
| 98 | 05/24/12 12:21pm | Missed | 18773945975 |
| 99 | 05/29/12 05:04pm | Missed | 18773945975 |
| 100 | 05/29/12 11:36am | Missed | 18773945975 |
| 101 | 05/30/12 01:13pm | Missed | 18773945975 |
| 102 | 05/30/12 11:32am | Missed | 18773945975 |
| 103 | 05/31/12 02:58pm | Missed | 18773945975 |
| 104 | 05/31/12 05:12pm | Missed | 18773945975 |
| 105 | 05/31/12 12:33pm | Missed | 18773945975 |
| 106 | 06/02/12 03:04pm | Missed | 18773945975 |
| 107 | 06/02/12 09:28am | Missed | 18773945975 |
| 108 | 06/04/12 11:28am | Missed | 18773945975 |
| 109 | 06/05/12 06:57pm | Missed | 18773945975 |
| 110 | 06/07/12 01:48pm | Missed | 18773945975 |
| 111 | 06/07/12 03:26pm | Missed | 18773945975 |
| 112 | 06/07/12 05:33pm | Missed | 18773945975 |
| 113 | 06/09/12 02:20pm | Missed | 18773945975 |
| 114 | 06/09/12 08:35am | Missed | 18773945975 |
| 115 | 06/12/12 08:45am | Missed | 18773945975 |
| 116 | 06/12/12 11:36am | Missed | 18773945975 |
| 117 | 06/13/12 05:45pm | Missed | 18773945975 |

Mock Petition
Exhibit "A" – Autodialed calls to Lesley Mock's Cell Phone from CardWork Services

| 118 | 06/13/12 07:12pm | Missed | 18773945975 |
| 119 | 06/14/12 02:42pm | Missed | 18773945975 |
| 120 | 06/14/12 04:23pm | Missed | 18773945975 |
| 121 | 06/14/12 12:54pm | Missed | 18773945975 |
| 122 | 06/15/12 11:23am | Missed | 18773945975 |
| 123 | 06/16/12 02:35pm | Missed | 18773945975 |
| 124 | 06/16/12 08:30am | Missed | 18773945975 |
| 125 | 06/18/12 02:53pm | Missed | 18773945975 |
| 126 | 06/18/12 08:12am | Missed | 18773945975 |
| 127 | 06/18/12 12:10pm | Missed | 18773945975 |
| 128 | 06/21/12 02:09pm | Missed | 18773945975 |
| 129 | 06/21/12 04:24pm | Missed | 18773945975 |
| 130 | 06/23/12 09:44am | Missed | 18773945975 |
| 131 | 06/28/12 02:41pm | Missed | 18773945975 |
| 132 | 06/28/12 04:38pm | Missed | 18773945975 |
| 133 | 06/28/12 06:49pm | Incoming | 18773945975 |

CITATION
THE STATE OF TEXAS

CAUSE NO. 12-1274

STYLED:  LESLIE MOCK VS. CARDWORKS SERVICING, LLC AND CARSON SMITHFIELD, LLC

TO:  CARDWORKS SERVICING, LLC, REGISTERED AGENT CSC-LAWYERS INCORPORATION SERVICE
     COMPANY 211 E 7TH ST , SUITE 620 AUSTIN TX 78701

**NOTICE TO DEFENDANT:  "You have been sued. You may employ an attorney. If you or your attorney
do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next
following the expiration of 20 day after the date you were served this citation and petition, a default
judgment may be taken against you."**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION, which was filed by the **PLAINTIFF**, in the above
styled and numbered cause on the **29TH DAY OF JUNE, 2012**, in the 274th District Court of Hays County,
San Marcos, Texas.

Issued and given under my hand and seal of said Court at San Marcos, Texas on this the 2nd day of July,
2012.

REQUESTED BY:
Amy E. Clark Kleinpeter
Hill Country Consumer Law
12731 Research Blvd Bldg A Suite 103
Austin TX  78759
512-850-5290

BEVERLY CRUMLEY
Hays County District Clerk
Hays County Government Center
712 Stagecoach Trail, Ste. 2211
San Marcos, Texas  78666

COPY

**OFFICER'S RETURN**

Came to hand on the ___ day of _____ 20___ at _____ o'clock ___M and executed the ___ day of
_____20___ by  delivering to defendant _____ in person, a true copy of this
citation with a copy of the petition attached thereto on ____ day of _____ 20___ at _____ o'clock
___M at _____ in _____ County, Texas.

[ ] Not executed. The diligence used in finding defendant being_____
_____

[ ] Information received as to the whereabouts of defendant being_____
_____

Service Fee:$_____

Sworn to and subscribed before me this the
_____day of_____ _____,_____.

SHERIFF/CONSTABLE/AUTHORIZED PERSON
BY:_____

_____
Printed Name of Server

_____
NOTARY PUBLIC, THE STATE OF TEXAS

_____County, Texas

ЯIGINAL FOR RETURN

CITATION
THE STATE OF TEXAS

CAUSE NO. 12-1274

STYLED:  LESLIE MOCK VS. CARDWORKS SERVICING, LLC AND CARSON SMITHFIELD, LLC

TO:  CARSON SMITHFIELD, LLC, REGISTERED AGENT CSC-LAWYERS INCORPORATION SERVICE
COMPANY  211 E 7TH ST SUITE 620  AUSTIN TX 78701

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney
do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next
following the expiration of 20 day after the date you were served this citation and petition, a default
judgment may be taken against you."**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION, which was filed by the **PLAINTIFF**, in the above
styled and numbered cause on the **29TH DAY OF JUNE, 2012**, in the 274th District Court of Hays County,
San Marcos, Texas.

Issued and given under my hand and seal of said Court at San Marcos, Texas on this the 2nd day of July,
2012.

REQUESTED BY:                                          BEVERLY CRUMLEY
Amy E. Clark Kleinpeter                                 Hays County District Clerk
Hill Country Consumer Law                              Hays County Government Center
12731 Research Blvd Bldg A Suite 103                   712 Stagecoach T ''
Austin TX 78759
512-850-5290



**OFFICER'S RETURN**

Came to hand on the ___ day of _____ 20___ at _____ o'clock ___M a‍‍‍ ‍executed the ___ day of
_____20___ by  delivering to defendant _____ in person, a true copy of this
citation with a copy of the petition attached thereto on ____ day of _____ 20___ at _____ o'clock
___M at _____ in _____ County, Texas.

[ ] Not executed. The diligence used in finding defendant being_____
_____

[ ] Information received as to the whereabouts of defendant being_____
_____

Service Fee:$_____

Sworn to and subscribed before me this the                  SHERIFF/CONSTABLE/AUTHORIZED PERSON
_____day of_____,_____.                           BY:_____

                                                           _____
                                                           Printed Name of Server

_____
NOTARY PUBLIC, THE STATE OF TEXAS            _____County, Texas

ORIGINAL FOR RETURN

Cause No.: *12-1274*        ☐ P.O. Filed

IMMO
IIO
EX PARTE.                    Vs.

Amount: $_____        ☐ Paid  ☐ Billed  ☐ Paupers

## ISSUANCE AND SERVICE

__ Constable  1  2  3  4  5    __ Private

☒ Citation  ☐ Posting  ☐ Publication  ☐ Attachment(s)

__ TRO                    __ Temporary Injunction
__ Notice                 __ Execution
__ Sequestration          __ Order of Sale
__ Garnishment            __ Attachment
__ Other 7/2/12           __ Abstract of Judgment

*email - Citations Ready for Pkp*

## OTHER INSTRUCTIONS

☐ Hold for:   Order      Copy      Bond      Money
☐ Add Involved Parties
☐ Other

## PICK UP / DELIVERY / SPECIAL INSTRUCTIONS

☐ Pick up at Counter      ☐ Put in Attorney's Box
☐ Mail  ☐ Envelope        ☒ Call

FILED
12 August 10 A9:40
Beverly Crumley,
District Clerk
Hays District

CAUSE NO. 12-1274

| | | |
|---|---|---|
| LESLIE MOCK, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | HAYS COUNTY, TEXAS |
| CARDWORKS SERVICING, LLC AND | § | |
| CARSON SMITHFIELD, LLC, | § | |
| | § | |
| *Defendants.* | § | 274TH JUDICIAL DISTRICT |

## DEFENDANTS' PLEA IN ABATEMENT AND, SUBJECT THERETO, ORIGINAL ANSWER

COME NOW, Defendants CardWorks Servicing, LLC, and Carson Smithfield, LLC, (collectively, "Defendants"), and file this their Plea in Abatement and, subject thereto, Original Answer to Plaintiff's Original Petition (the "Petition"), respectfully showing the Court as follows:

### I.
### PLEA IN ABATEMENT

Plaintiff filed this lawsuit against Defendants on claims arising out of the terms, obligations, and rights under an Advanta Business Card Agreement (the "Agreement"). (A true and correct copy of the Agreement is attached hereto as **Exhibit A**). Because these allegations must be arbitrated pursuant to the Agreement, the Federal Arbitration Act, 9 U.S.C. §§ 1-16, and the Texas Arbitration Act, TEX. CIV. PRAC. & REM. CODE §§ 171.001–171.098, Defendants file this Plea in Abatement.

Defendants seek to abate the present proceedings on grounds that the dispute is governed by an arbitration agreement. Plaintiff entered into the Agreement, which contained an arbitration clause in connection with the extension of credit. (*See* Exhibit A.) The present dispute is within the



scope of this arbitration agreement. Therefore, Defendants request that this Court abate all proceedings in this matter, including discovery, until such time as arbitration has occurred as required by the arbitration agreement.

## II.
## GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every, all and singular, the allegations set forth in the Petition and demand strict proof thereof.

## III.
## AFFIRMATIVE AND OTHER DEFENSES

Plaintiff fails to state a claim upon which relief can be granted.

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands, laches, and/or estoppel (in all its forms).

Plaintiff's claims are barred in whole or in part by the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code and applicable Texas law.

Plaintiff's claims are barred in whole or in part by her failure to mitigate his damages, if any.

Plaintiff's claims are barred in whole or in part by the terms of the contract governing her account.

Plaintiff's claims are barred in whole or in part because they are subject to an arbitration agreement.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully pray that upon final hearing hereof, judgment be rendered that Plaintiff take nothing by her suit and that Defendants be granted all relief, general and special, to which they may be justly entitled.

Respectfully submitted,

LOCKE LORD LLP

/s/ B. David L. Foster by permission M.H.D.
B. David L. Foster
State Bar No. 24031555
100 Congress Avenue, Suite 300
Austin, Texas 78701
512-305-4700 (Telephone)
512-305-4800 (Facsimile)

Thomas G. Yoxall
State Bar No. 00785304
Matthew H. Davis
State Bar No. 24069580
2200 Ross Avenue, Suite 2200
Dallas, TX 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Facsimile)

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on this the 10th day of August, 2012, on the following counsel of record, via certified mail, return receipt requested:

Amy E. Clark Kleinpeter
Hill Country Consumer Law
12731 Research Blvd.; Bldg A, Suite 103
Austin, TX 78759
512-850-5290
626-737-6030 (Facsimile)
*Attorney for Plaintiff*

/s/ B. David L. Foster by permission M.H.D.
Counsel for Defendants

---

DEFENDANTS' PLEA IN ABATEMENT AND, SUBJECT THERETO, ORIGINAL ANSWER       Page 3

# EXHIBIT A

## ADVANTA BUSINESS CARD AGREEMENT

## SUPPLEMENT TO YOUR ADVANTA BUSINESS CARD AGREEMENT

KEEP THIS IMPORTANT SUPPLEMENT. IT CONTAINS ACCOUNT TERMS, WHICH ARE INCORPORATED AS SECTIONS 7 AND 8.A OF YOUR ADVANTA BUSINESS CARD AGREEMENT.

7. FEES AND CHARGES:

A. There is NO ANNUAL FEE for this Account.

B. RETURNED PAYMENT FEE - If a payment is returned to us unpaid or dishonored for any reason, we charge the Account $35 for each such return or dishonor.

C. DISHONORED CONVENIENCE CHECK FEE - If a Convenience Check is presented when the Account is closed or not in good standing, or if we refuse to pay a Convenience Check because it was obtained from a source other than us, or because paying it would cause the Account balance to exceed your assigned Cash Advance Credit Limit or your Account Credit Limit, or for any other reason, we charge the Account $35.

D. LATE PAYMENT FEE - If we do not receive at least the minimum periodic payment in the manner and by the time of day on the Payment Due Date specified in your periodic billing statement, we charge the Account a late fee. The late fee is $19 on balances under $250 and $39 on balances of $250 and over, all based on the Account balance as of the day after your Payment Due Date.

E. DOCUMENT FEE - If we provide a copy of any periodic billing statement, sales draft, Convenience Check, payment check or other document at your request (except in connection with a billing error inquiry or dispute), we charge the Account these fees: (i) Statement Copy - $1 (ii) Other Document Copy - $5 (iii) Research - $15 per hour if extensive investigation is required.

F. OVERLIMIT FEE - If your Account balance exceeds your assigned Credit Limit at any time during a billing cycle, we charge the Account an overlimit fee. The overlimit fee is $15 on balances under $501, $29 on balances between $501 and $1001, and $39 on balances over $1001, all based on the Account balance at the Billing Cycle Closing Date.

G. CASH ADVANCE AND CONVENIENCE CHECK TRANSACTION FEES – We normally charge the Account 3% (minimum $5) of each Cash Advance (including Convenience Checks) used, but you may be offered Cash Advances with different fees and/or with other minimum or maximum fees.

H. MISCELLANEOUS CHARGES - You agree to pay any other amount incident to the application and for the opening, administration, and termination of the Account, including (without limitation) taxes, charges or fees and any penalties or interest thereon imposed on this Agreement or on any transaction made pursuant to this Agreement or on the Account, whether imposed by us or by others such as taxing authorities. We may advance any such tax, charge or fee and any penalty or interest thereon for you and charge that amount to the Account, and we will specifically disclose any such charge or fee that is imposed by us.

I. BALANCE TRANSFER FEE – We normally charge the Account 3% (minimum $5) of each Balance Transfer request we process. However, you may be offered introductory or promotional Balance Transfers with lower (or waived) fees and/or with other minimum and/or maximum fee limits.

J. CONVENIENCE CHECK STOP PAYMENT AND BALANCE TRANSFER CANCELLATION FEES – If you or any person to whom a Convenience Check is payable ask us to stop payment on that Convenience Check, or if you ask us to cancel or change the terms of a Balance Transfer that we have undertaken at your request, we charge the Account $29 for each such attempt we make (whether or not the attempt proves successful).

K. WIRE PAYMENT FEE – If any payment on the Account is made in the form of a bank wire, we charge the Account $15.

L. FOREIGN TRANSACTION FEE – We charge the Account 3% of the US Dollar amount of any Account transaction made outside the US and/or in a currency other than US Dollars.

M. FINANCE CHARGES ON FEES AND CHARGES - The fees and charges in Paragraphs 7-A to 7-F and 7-H to 7-K, and any Paragraph 7-L Foreign Transaction fees applied to purchase transactions, are treated as Purchases, and applicable finance charges accrue on such fees and charges from the date incurred, subject to the grace period for new Purchases described in Paragraph 8. The fees and charges in Paragraph 7-G, and any Paragraph 7-L Foreign Transaction fees applied to cash transactions, are treated as Cash Advances, and applicable finance charges accrue on such fees and charges from the date incurred until paid in full. In addition, any fees and charges may be treated as finance charges when assessed, may affect the disclosed periodic and annual percentage rates for the billing cycles in which they are assessed, and may be subject to any minimums applicable to Account finance charges.

8. FINANCE CHARGES:

A. Account APRS - The Account Annual Percentage Rate ("APR") on Purchases (including Purchase transactions, unpaid Purchase finance charges and Purchase-related fees and charges) and on Balance Transfers (including Balance Transfer transactions, unpaid Balance Transfer finance charges and Balance Transfer-related fees and charges) is 9.99%. The Account APR on Cash Advances (including Cash Advance transactions, unpaid Cash Advance finance charges, and Cash Advance-related fees and charges) is the Variable Rate Index (explained below) plus 25.99%. The Variable Rate Index for any billing cycle is chosen by us from among the Prime Rates

BDE

published in The Wall Street Journal's "Money Rates" section during the three (3) months prior to the month which contains that billing cycle's Billing Cycle Closing Date. The minimum Variable Rate Index used on your Account is 4.00%. (Note: That published Prime Rate is merely a pricing index. It is not necessarily, and should not be deemed by you to represent, the lowest or "best" interest rate available from us or any other lender at any particular time.) Your account may be eligible for promotional offers from time to time. In such cases, the APRs and other terms of the promotional offer(s) apply so long as you make all payments when due, do not go over your credit limit, and your Account remains open and in good standing.

Notwithstanding the rate calculations described above, if you default under this Agreement, we may increase each Account APR and/or any introductory or promotional APR to a Default APR without giving you additional notice. The Default APR may be up to the higher of the Account APR plus 3%, or the Variable Rate Index plus a Default Margin of up to 28.99%. We may also incrementally increase the Default APR upon subsequent defaults until the Default APR reaches the higher of these two components.

8DE