IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LESLIE MOCK, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 1:12-cv-747-SS |
| | § | |
| CARDWORKS SERVICING, LLC, *et al.* | § | |
|     *Defendants*. | § | |

### **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE (DOC. 18)**

TO THE HONORABLE SAM SPARKS:

COME NOW Defendants, CardWorks Servicing, LLC and Carson Smithfield, LLC ("Defendants"), and file their Response to Plaintiff's Motion to Strike CardWorks Servicing, LLC's Amended Motion to Compel Arbitration's Evidence ("Motion to Strike") (Doc. 18), and would respectfully show the Court as follows:

### I.    **INTRODUCTION**

The Court should deny Plaintiff's Motion to Strike in its entirety. In her Motion to Strike, Plaintiff complains that the Declaration of Michael Paschal ("Paschal Declaration") contains unsupported hearsay and testimony that lacks a proper foundation. However, a witness may offer testimony on any subject on which he has personal knowledge. *See* FED. R. CIV. P. 602. Mr. Paschal is an authorized representative of CardWorks and is qualified to testify on its behalf. He has personal knowledge of CardWorks' records relating to Plaintiff's account. As such, Mr. Paschal's testimony regarding Plaintiff's account and Plaintiff's use of the Advanta BusinessCard is proper, and the Motion to Strike should be denied.

## II.     ARGUMENT AND AUTHORITIES

A.     **MR. PASCHAL IS COMPETENT TO TESTIFY BASED ON HIS PERSONAL KNOWLEDGE**

1.     Plaintiff's overarching complaint regarding the Paschal Declaration relates to Mr. Paschal's alleged lack of personal knowledge.  However, Plaintiff's complaints regarding the Paschal Declaration demand an almost impossible level of detail from the declaration.  Indeed, Plaintiff's view of the personal knowledge requirement would prevent a corporation from submitting any testimony through its representatives by precluding a representative from acquiring knowledge through a review of corporate records.  Simply put, as a CardWorks corporate representative and senior vice president, who was formerly the Chief Information Officer for Advanta Bank Corp., Mr. Paschal has sufficient personal knowledge to testify to the matters contained in his declaration.

2.     Because a corporation is not a physical entity, the corporation's officers, directors, agents, and representatives are permitted to testify in a declaration as to facts regarding the corporation's activities, even if those activities were not witnessed by that individual, so long as that representative's position allows him to acquire personal knowledge of those corporate facts. *Carson v. Perry*, 91 F.3d 138 (table), 1996 WL 400122, at *1 (5th Cir.1996) (per curiam) (citations omitted) (personal knowledge can be based on a review of business records and an affiant's position with his employer); *see also Cuevas v. BAC Home Loans Servicing LP*, 648 F.3d 242, 250 (5th Cir.2011) (citing approvingly the affidavit of a corporate officer, which stated that the officer had knowledge of the corporate structure and had reviewed relevant business records); *Arrow Elec., Inc. v. Justus (In re Kaypro)*, 218 F.3d 1070, 1075 (9th Cir. 2000) (personal knowledge may be inferred from an affiant's position within a company); *Odom Indus., Inc. v. Diversified Metal Prods., Inc.*, No. 1:12-cv-309, 2012 WL 4364299, at *8 (S.D. Ohio Sept. 24, 2012) ("personal knowledge may be derived from [a] review of business

records"). The Paschal Declaration provides a clear basis for Mr. Paschal's competence to testify on the matters in the declaration. Specifically, the Paschal Declaration includes Mr. Paschal's title, SVP IT (formerly Chief Information Officer for Advanta Bank Corp.) and a summary of his responsibilities with CardWorks and Advanta. From Mr. Paschal's job title and position as a CardWorks and Advanta employee, it can be inferred that Mr. Paschal is acquainted with CardWorks and Advanta's corporate structure, corporate history, and business practices. *See In re Kaypro*, 218 F.3d at 1075; *see also White v. MPW Industrial Servs., Inc.*, 236 F.R.D. 363, 369 (E.D. Tenn. 2006) (refusing to strike affidavits because it was reasonable to infer that employees "would have learned during the normal course of their employment how the company operates and what the company's polices were").

3. The Paschal Declaration clearly sets forth the basis of Mr. Paschal's personal knowledge. His position with CardWorks and Advanta and his review of relevant business records make him competent to testify as to the process by which Plaintiff applied for her Advanta BusinessCard and Plaintiff's subsequent use of the card.

B.  **PLAINTIFF'S SPECIFIC REQUESTS TO STRIKE ARE WITHOUT MERIT**

4. Plaintiff asserts that paragraph 7 of the Paschal Declaration contains testimony that "lacks foundation and is hearsay." (Doc. 18 at ¶ 9.a.) It is unclear whether Plaintiff takes issue with the attachment of Plaintiff's card application to the Paschal Declaration. She suggests that Mr. Paschal described the application "poorly" but does not describe any specific issue with the application. However, as explained in the Paschal Declaration, the application attached as Exhibit 1 to the declaration is a copy of Plaintiff's Advanta BusinessCard application as it is kept in the regular course of CardWorks' business. (Doc. 16 at 5-6, ¶¶ 5-7.) Mr. Paschal goes on to explain the process by which Plaintiff submitted her application based on his personal knowledge of Advanta's business practices and the data contained in Plaintiff's application. (*Id.*

at 6, ¶ 7.)  Finally, Mr. Paschal states that Plaintiff "agreed to be bound by the terms and conditions" of the Advanta BusinessCard. (*Id.*)  This statement is supported by both the Terms and Conditions and the Card Agreement, both of which were attached to the Paschal Declaration as business records.  Moreover, as demonstrated above, the Paschal Declaration adequately states the basis for Mr. Paschal's personal knowledge, and his specific testimony in paragraph 7 is based on his personal knowledge.  (*See supra*, part II.A. at ¶¶ 1-3.)  Thus, Mr. Paschal's testimony is supported by adequate foundation and is admissible.

     5.    Plaintiff also argues that this Court should strike paragraph 9 of the Paschal Declaration because "there are no records submitted which would support" Mr. Paschal's testimony that Plaintiff used the Advanta BusinessCard. (Doc. 18 at ¶ 9.b.)  Plaintiff further argues that "[t]here are no records put into evidence showing Ms. Mock accepted a card . . . [or that she] received any terms and conditions." (*Id.*)  Moreover, Plaintiff suggests that it "defies logic" for Mr. Paschal to suggest that he has personal knowledge of Plaintiff's account and her account balance.  Each of Plaintiff's arguments are unavailing.  As explained above, Mr. Paschal has personal knowledge regarding CardWorks' business practices regarding cardholder's accounts.  (*See supra*, part II.A. at ¶ 1-3.)  Mr. Paschal provided a detailed explanation of the application process and the process by which Plaintiff agreed to be bound by the Card Agreement and the Terms and Conditions.  (Doc. 16 at 5-7, ¶¶ 5-8.)  Both the Terms and Conditions and the Card Agreement are attached to the Paschal Declaration and both documents confirm Mr. Paschal's testimony that Plaintiff agreed to be bound by the Card Agreement when she used the Advanta BusinessCard.  Finally, it does not "defy logic" for Mr. Paschal to have personal knowledge of Plaintiff's account.  His personal knowledge may be derived from a review of CardWorks' business records, and he is not required to attach to his declaration every

business record he reviewed.  *See Odom Indus., Inc.*, 2012 WL 4364299, at *8.  Accordingly, paragraph 9 contains admissible testimony related to Plaintiff's use of the Advanta BusinessCard.

6.  Nevertheless, because Plaintiff's primary concern with the Paschal Declaration seems to be that there is no evidence to support Plaintiff's acceptance and use of the Advanta BusinessCard and because Plaintiff complains that "[t]here is not even one credit card statement submitted which would show that Ms. Mock used the alleged card," (*see* Doc. 18 at ¶ 9.b.) CardWorks is filing concurrently herewith a supplemental declaration, which attaches Plaintiff's account statements.  (*See* Doc. 20-1); *see also Perches v. Elcom, Inc.*, 500 F. Supp. 2d 684, 689 (W.D. Tex. 2007) (considering supplemental declaration submitted in response to objection to original declaration).  These statements demonstrate that Plaintiff accepted and used the Advanta BusinessCard, and the statements address Plaintiff's concerns that Mr. Paschal failed to submit admissible testimony regarding Plaintiff's acceptance and use of the card.

### III.  PRAYER FOR RELIEF

CardWorks respectfully requests that this Court deny Plaintiff's Motion to Strike, and grant CardWorks such other and further relief to which it may be justly entitled.

Dated: December 3, 2012.                    Respectfully submitted,

/s/ Matthew H. Davis
B. David L. Foster
Texas Bar No. 24031555
dfoster@lockelord.com
LOCKE LORD LLP
100 Congress Avenue, Suite 300
T: (512) 305-4700
F: (512) 305-4800

Thomas G. Yoxall
Texas Bar No. 00785304
tyoxall@lockelord.com
Matthew H. Davis
Texas Bar No. 24069580
mdavis@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
T: (214) 740-8000
F: (214) 740-8800

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on this the 3rd day of December, 2012, on the following counsel of record, via CM/ECF:

Amy E. Clark Kleinpeter
Hill Country Consumer Law
12731 Research Boulevard
Building A, Suite 103
Austin, Texas 78759
512-850-5290
626-737-6030 (Facsimile)
*Attorney for Plaintiff*

/s/ Matthew H. Davis
Counsel for Defendants